OPINION OF THE COURT
Chereé A. Buggs, J.
The matter herein, in which plaintiff sought to recover assigned first-party no-fault benefits, came on to be heard by the court on February 28, 2012.
By previous order on a motion for summary judgment, the issue of medical necessity was set forth for trial. The peer review report of Andrew Miller, M.D., which opined that there was a lack of medical necessity for the supplies which are the subject of this case, served as the basis for the denial of the no-fault claim. There was no stipulation between the parties to admit the report into evidence. Since Dr. Miller was unavailable to testify, defendant was prepared to present Steven Marcus, M.D. as its substitute expert witness.
Plaintiff made a motion in limine for a directed verdict on grounds that defendant’s witness, while an expert in his field, would be unable to lay a foundation for the admission of the peer review report. After hearing arguments from both sides, the court reserved decision. Upon due consideration, the court now grants the plaintiffs motion.
While the court acknowledges that the Appellate Term, 2d, 11th and 13th Judicial Districts has consistently ruled that an expert witness who did not prepare the peer review report upon which the defendant insurance company’s denial of the subject claim is based should be permitted to testify as to the issue of medical necessity, limiting the basis of the denial to that set forth in the original peer review (see Park Slope Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 154[A], 2012 NY Slip Op 50349[U] [2d, 11th & 13th Jud Dists 2012]; Radiology Today, PC. v Progressive Ins. Co., 32 Misc 3d 144[A], 2011 NY Slip Op 51724[U] [2d, 11th & 13th Jud Dists 2011]; Dilon Med. Supply Corp. v New York Cent. Mut. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52454[U] [2d, 11th & 13th Jud Dists 2007]), this court notes that those precedents do not address the evidentiary issue of admission of the peer review report when the author of such report is unavailable to authenticate it. Accordingly, with all due respect to the higher court, this court is unable to follow those precedents without more specific guidance.
*640 In Wagman v Bradshaw (292 AD2d 84 [2d Dept 2002]), the Appellate Division ruled that for opinion evidence to be admissible, it
“must be based on one of the following: first, personal knowledge of the facts upon which the opinion rests; second, where the expert does not have personal knowledge of the facts upon which the opinion rests, the opinion may be basedupon facts and material in evidence, real or testimonial; third, material not in evidence provided that the out-of-court material is derived from a witness subject to full cross-examination; and fourth, material not in evidence provided the out-of-court material is of the kind accepted in the profession as a basis in forming an opinion and the out-of-court material is accompanied by evidence establishing its reliability.” (292 AD2d at 86-87 [emphasis added].)
Based on the arguments of defendant’s counsel, it was clear that the testimony of defendant’s witness did not fall into any of the four Wagman categories. Regarding the first, third and fourth categories, respectively: (1) such witness had no personal knowledge of the facts upon which the original peer review rested; (2) the peer review was not in evidence in this case, and its author was unavailable and therefore not subject to cross-examination; and (3) the out-of-court material, in this case, the peer review, is evidence, which if admitted, would have been admitted for the truth of its contents, i.e., that the medical services or supplies lack medical necessity. As such, it did not qualify under the “professional reliability” admissibility rule. “[T]he ‘professional reliability’ exception does not permit an expert witness to offer opinion testimony based upon out-of-court material, for the truth of the matter asserted in the out-of-court material” Wagman, 292 AD2d at 89).
Regarding the second category, in absence of a stipulation between the parties to the admission of the peer review report into evidence, there was no material in evidence upon which the expert’s opinion could be based. Even assuming the medical records upon which the peer review report was based were deemed admissible by this court pursuant to Urban Radiology, P.C. v Tri-State Consumer Ins. Co. (27 Misc 3d 140[A], 2010 NY Slip Op 50987[U] [2d, 11th & 13th Jud Dists 2010]), defendant in this case offered the substitute expert’s opinion testimony primarily to corroborate the findings in the peer review report, not to offer his independent opinion of medical necessity. (See trial *641 transcript of Feb. 28, 2012, at 11, lines 10-21.) In any event, where the denial of a no-fault claim is based on a peer reviewer’s finding of a lack of medical necessity, upon an ensuing trial on that issue, the expert whose opinion is most critical is the author of the peer review report. In fact, even in its decisions ruling that an expert who is not the original peer reviewer should be permitted to testify, the Appellate Term has said that such expert’s opinion should be “limited to the basis for the denial as set forth in the original peer review report.” (See Park Slope Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 154[A], 2012 NY Slip Op 50349[U], *1-2 [2012], supra; Radiology Today, PC. v Progressive Ins. Co., 32 Misc 3d 144[A], 2011 NY Slip Op 51724[U] [2011], supra; Dilon Med. Supply Corp. v New York Cent. Mut. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52454[U] [2007], supra.) However, if the peer review report is not in evidence, the parameters of such report, including the reasons given for the denial, are not a matter of record, and for purposes of trial, are unknown.
Further, this court finds that Urban Radiology (27 Misc 3d 140[A], 2010 NY Slip Op 50987[U] [2010], supra) does not allow the peer review report to be deemed admissible in absence of the proper foundation being laid. That case holds that underlying medical records considered for a peer review report are admissible when they are not being relied upon for the truth of their contents. Conversely, the purpose for admitting a peer review report into evidence in a no-fault trial is for the truth of its finding that certain medical procedures or supplies provided are not medically necessary.
In Wagman, the Appellate Division, Second Department said, “[a]dmission into evidence of a written report prepared by a nontestifying healthcare provider would violate the rule against hearsay and the best evidence rule. Inasmuch as such a written report is inadmissible, logic dictates that testimony as to its contents is also barred from admission into evidence” (Wag-man, 292 AD2d at 87). Further, “[s]uch a written report is patently inadmissible hearsay as the declarant, the preparer of the report, is unavailable for cross-examination” (Wagman, 292 AD2d at 88). While the facts of Wagman are different than those in the case at bar — that case pertains to expert testimony based on an MRI report authored by a nontestifying health care provider where the original MRI films were unavailable — the court finds the rationale in Wagman to be applicable herein, to the extent that both cases involve expert testimony regarding a written report authored by someone other than the witness.
*642 In act III, scene II of William Shakespeare’s play Twelfth Night, Malvolio, the steward of Olivia’s household, asks her over imbibing uncle Sir Toby, “Is there no respect of place, persons, nor time, in you?” This court has the greatest respect for the higher court, and has given much sober thought to its rulings that an expert whose testimony is offered at trial to substitute for the preparer of the peer review report should be allowed to testify; however, based on the foregoing, this court cannot follow precedent without further guidance on the evidentiary issues which have remained expressly unaddressed (see Radiology Today, P.C. v Progressive Ins. Co., 32 Misc 3d 144[A], 2011 NY Slip Op 51724EU] [2011], supra).
Consequently, the court grants the plaintiff’s motion for a directed verdict. Judgment to be entered for plaintiff in the amount of $2,263.25, with interest from the date of the summons and complaint, attorneys’ fees, costs and disbursements.